# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF ALABAMA

# MOBILE DIVISION

| | | |
|---|---|---|
| GABRIEL BUSH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV119-322 |
| WILLIAM JACKSON, *et al.,* | ) ) ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

*Pro se* plaintiff Gabriel Bush has filed this case alleging various constitutional violations and state-law torts. *See* doc. 1. He requested and received several opportunities to amend his complaint. *See* docs. 14, 15, 17 & 18. The latest extension allowed him until May 29, 2020 to file a further amended complaint. *See* doc. 18 at 2. Since Bush has failed to file any further amendment, the Court will screen his Amended Complaint pursuant to 28 U.S.C. § 1915A(a). *Id.* Based on that screening, Bush's Amended Complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915A(b)(1)-(2), and should be **DISMISSED**.

The Amended Complaint lists fewer defendants than the original and the theories of liability are somewhat clearer. The first defendant, the City of Ocean Springs, Mississippi is named because it "instituted [an] unconstitutional

1

policy of assisting local business in seizing property through criminal procedures without regard for probable cause." Doc. 16 at 2. Chief Mark S. Dunston, presumably chief of the Ocean Springs police department, is named "for . . . being the city's decision maker on matters of law enforcement." *Id.* William Jackson, later identified as a detective, again presumably with the Ocean Springs police, allegedly withheld exculpatory evidence when seeking an arrest warrant (although exactly where this arrest occurred is unclear). *Id.* Finally, United States Probation Officer Krista Kuykendall also allegedly withheld exculpatory evidence. *Id.*

The Amended Complaint recites many of the same background facts as Bush's original complaint: his purchase of an automobile on credit, his subsequent loss of employment and defaulted payments on the loan, and his bankruptcy filing. *Compare* doc. 16 at 3-4, *with* doc. 13 at 3. The Amended Complaint clarifies that the United States Probation Office became involved in January 2019. Doc. 16 at 4-5. It also clarifies that Bush was detained, apparently pursuant to a warrant, for several alleged violations of his probation. *See id.* He refers to a February 2019 hearing that included testimony related to the disputed transaction "and many violations of constitutional rights." *Id.* at 5. Finally, he alleges that a "criminal complaint," presumably a state criminal complaint, was filed, but he does not

indicate what the charges were. *Id.* at 6. In all of these proceedings, he contends that the defendant United States Probation Officer and detective "were provided with ample information . . . sufficient enough to show that no probable cause existed for [Bush's] arrest." *Id.* at 6.

Charitably construed, the facts implicate several claims against the named defendants. First, Bush appears to allege a claim that the City of Ocean Springs and its police department maintained an unconstitutional policy or procedure of deploying law enforcement to assist in property seizures pursuant to private contracts. Such a claim might implicate a claim under the United States Supreme Court's opinion in *Monell v. Dept. of Social Servs. of City of New York*, 436 U.S. 658 (1978). However, to the extent plaintiff seeks to hold the City of Ocean Springs, and its police department liable in this district, he has not sufficiently pled jurisdiction because both of these defendants appear to reside in Mississippi, and plaintiff has filed suit in Alabama.

"A plaintiff seeking the exercise of personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *United Tech. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). A plaintiff can discharge this burden by presenting evidence which would withstand a motion for directed verdict. *Morris v. SSE, Inc.*, 843 F.2d 489, 492 (11th Cir. 1988).

Accordingly, "[t]he district court must construe the allegations in the complaint as true, to the extent they are uncontroverted by defendant's affidavits[,]" and "where the evidence presented by the parties' affidavits . . . conflicts, the court must construe all reasonable inferences in favor of the non-movant plaintiff." *Id.* (*citing Delong Equip. Co.*, 840 F.2d at 845). Personal jurisdiction is typically delineated into "general" and "specific" jurisdiction. General (also known as "all-purpose") jurisdiction over a defendant is based on a forum nexus (the defendant's domicile, for example) *unrelated* to the conduct on which the underlying suit is premised.[1] *Walden v. Fiore*, 571 U.S. 277, 283 n. 6 (2014).

---

[1] The U.S. Supreme Court has essentially created an "at home" standard an out-of-state defendant can endure personal jurisdiction if its general activities (not a particular tort for which it is sued) within the state is continuous enough. *Daimler AG v. Bauman*, 571 U.S. 117, 136-37 (2014). But the showing is fairly demanding. Hence,

> the affiliation between the defendant and the forum state must be so continuous and systematic that the defendant is "comparable to a domestic enterprise in that State." *Daimler*, 134 S.Ct. at 758 n. 11. Both *Daimler* and [*Goodyear Dunlop Tires Operations, S.A. v. Brown*, ___U.S. ___, 131 S.Ct. 2846, 2851 (2011)] emphasized that the paradigm forum for the exercise of general jurisdiction is the defendant's domicile (which, in the case of a corporation, is the place of incorporation and principal place of business). *Goodyear*, 131 S.Ct. at 2853; *Daimler*, 134 S.Ct. at 760. The Supreme Court did not hold that a corporation may be subject to general jurisdiction only in a forum where it is incorporated or has its principal place of business. However, the court stated that a defendant might be subjected to general jurisdiction in some other forum only in an "exceptional case." *Daimler*, 134 S.Ct. at 761.

*NExTT Solutions, LLC v. XOS Technologies, Inc.*, 71 F. Supp. 3d 857, 861-62 (N.D. Ind. 2014). Nothing in the pleadings suggests defendant meets this standard.

Specific (case-linked) jurisdiction turns on the nexus between the forum and the underlying controversy–the action in the forum state that subjects the actor to that state's regulation. For example, "A," a non-Alabamian, commits an intentional tort or performs a certain contract in Alabama. "A" can be haled into the state when sued on that tort or contract. Specific jurisdiction thus has been recognized

> over defendants who have purposefully reached out beyond their State and into another by, for example, entering a contractual relationship that "envisioned continuing and wide-reaching contacts" in the forum State, or by circulating magazines to deliberately exploit a market in the forum State. And although physical presence in the forum is not a prerequisite to jurisdiction, physical entry into the State–either by the defendant in person or through an agent, goods, mail, or some other means– is certainly a relevant contact.

*Walden*, 134 S. Ct. at 1122 (quotes, cites and alterations omitted).

To summarize, the exercise of specific jurisdiction over an out-of-state intentional tortfeasor, must be based on intentional conduct that creates the necessary contacts with the forum. *Walden*, 134 S.Ct. at 1122-23. How much is a matter of degree: "[d]ue process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous, or attenuated contacts he makes by interacting with other persons affiliated with the State." *Id*. at 1123. But the standard is spongy: "[a] forum State's exercise of jurisdiction over an out-of-state

intentional tortfeasor must be based on intentional conduct by the defendant that creates the *necessary* contacts with the forum." *Id*. (emphasis added). "Necessary," means that the defendant's conduct supplies the "but-for" cause of the tort at issue. *Waite v. AII Acquisition Corp*., 2016 WL 2346743 at *3 (S.D. Fla. May 4, 2016); *Erwin v. Ford Motor Co.*, 2016 WL 7655398 at * 7 (M.D. Fla. Aug. 31, 2016). In making this determination,

> [t]he Court must always focus on the "'relationship among the defendant, the forum, and the litigation' [which] is the essential foundation of *in personam* jurisdiction." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) (quoting *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977)). "The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 134 S.Ct. at 1125.

*AMA Multimedia LLC v. Sagan Ltd.*, 2016 WL 5946051 at *3 (D. Ariz. Oct. 13, 2016); *see also Blizzard Entertainment Inc. v. Bossland GmbH et al.*, 2017 WL 412262 at * 7 (C.D. Cal. Jan. 25, 2017) (personal jurisdiction established in California over a German company for allegedly developing and selling malicious software enabling users to cheat in some of plaintiff's computer games). In addition to these general, constitutional guidelines, federal courts may only reach so far as state law allows. Specifically, in order

> [t]o determine whether a nonresident defendant is subject to personal jurisdiction, the Court must perform a two-part analysis. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1274 (11th Cir. 2009). First, the Court must determine whether the exercise of personal

6

> jurisdiction is proper under the forum state's long-arm statute as that statute would be interpreted by the state's Supreme Court. *Id.* Next, the Court must determine whether there are sufficient "minimum contacts" with the forum state to satisfy the Due Process Clause of the Fourteenth Amendment. *Id.*; *Int'l Shoe Co. v. Washington Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945).

*Paws Holdings, LLC v. Daikin Industries, Ltd.*, 2017 WL 706624 at * 8 (S.D. Ga. Feb. 22, 2017) (footnote omitted).

Because 42 U.S.C. § 1983 does not provide for nationwide service of process, the Court must look to Alabama's long-arm statute. *See Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 942 (11th Cir. 1997) ("When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction."). The Court must also consider whether exercising personal jurisdiction over the defendant "would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, which requires that the defendant have minimum contacts with the forum state and that the exercise of jurisdiction over the defendant does not offend 'traditional notions of fair play and substantial justice.' " *Mut. Serv. Ins. Co. v. Frit Indus., Inc.*, 358 F.3d 1312, 1319 (11th Cir. 2004) (*quoting Sculptchair, Inc. v. Century Arts*, Ltd., 94 F.3d 623, 626 (11th Cir. 1996). Alabama's long-arm statute "permits its courts to exercise jurisdiction over nonresidents to the fullest extent allowed under the Due Process Clause of the Fourteenth

Amendment to the Constitution." *Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.*, 207 F.3d 1351, 1355-56 (11th Cir. 2000). As a result, the Court need only consider whether the exercise of jurisdiction would satisfy due process. *Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir. 1992).

Due process in this case requires that (1) the defendant have "certain minimum contacts" with the forum state, and (2) if the contacts exist, that the exercise of jurisdiction "not offend traditional notions of fair play and substantial justice." *Burnham v. Sup. Ct. of Cal.*, 495 U.S. 604, 618 (1990) (*quoting Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). "This two-part test embodies the controlling due process principle that a defendant must have 'fair warning' that a particular activity may subject it to the jurisdiction of a foreign sovereign." *Vermeulen v. Renault, U.S.A., Inc.*, 985 F.2d 1534, 1545 (11th Cir. 1993).

Bush's Complaint alleges nothing to indicate that due process is satisfied or that jurisdiction is established. He alleges that he purchased a car in the City of Ocean Springs and asserts that its chief of police had a policy of assisting car dealerships with repossessing vehicles. Doc. 1 at 3. There is nothing to support the proposition that either defendant City of Ocean Springs or Mark Dunston have the minimum contacts with Alabama to allow this case to

proceed. As a result, no case against either of these defendants may proceed in this Court.

Assuming without deciding that the Court can exert jurisdiction over William Jackson and Krista Kuykendell either by virtue of their involvement in the underlying revocation proceeding or presence in the district, plaintiff's claims against them still fail. At best, plaintiff alleges some claims arising out of his underlying criminal prosecution. However, as the Court previously explained, any claim arising from a constitutional violation in a state prosecution may depend upon the outcome of that prosecution. *See* doc. 13 at 7-8 (citing *Heck v. Humphry*, 512 U.S. 477 (1994)). Although the Amended Complaint alleges that a "criminal complaint" was filed, it alleges nothing about any the contents of that complaint or the outcome of any further proceedings. Most importantly, it provides absolutely no detail as to how the criminal proceeding was ultimately resolved. Given the paucity of fact, the Amended Complaint fails to state a claim upon which relief may be granted. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (a complaint must allege facts creating "more than a sheer possibility that a defendant has acted unlawfully."). The allegations against defendant Jackson and Kuykendell – that they filed a criminal complaint lacking in probable cause and supported that complaint – are so vague and conclusory that they establish no more than a "sheer

possibility" of liability. As a result, these claims should be dismissed. Ordinarily, *pro se* plaintiff's like defendant are granted at least one chance to amend the complaint before a case is dismissed. *Wooden v. Armenteros,* 756 F. A'ppx 951, 953 (11th Cir. 2018)(*quoting Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991) (emphasis added), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.,* 314 F.3d 541, 542 (11th Cir. 2002)(*en banc)).* However, plaintiff was already granted, doc. 13, and took advantage, doc. 16, of this opportunity. Therefore, no further opportunity for amendment should be granted and plaintiff's complaint should instead be **DISMISSED**.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file

objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED**, this 22nd day of December, 2020.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia